IAN HERZOG   [Cal. Bar No. 41396]
EVAN D. MARSHALL   [Cal. Bar No. 82444]
THE LAW OFFICES OF IAN HERZOG
A Professional Corporation
233 Wilshire Boulevard, Suite 550
Santa Monica, California  90401-1210
Telephone:  (310) 458-6660
Fax:  (310) 458-9065

Attorneys for CARL JOHN NOECKER

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL JOHN NOECKER,<br><br>    Plaintiff,<br><br>    vs.<br><br>SOUTHERN CALIFORNIA LUMBER INDUSTRY WELFARE FUND; BOARD OF TRUSTEES FOR THE SOUTHERN CALIFORNIA LUMBER INDUSTRY WELFARE FUND; and DOES 1 through 100, Inclusive,<br><br>    Defendants. | Case No.  CV 09-5922 ODW (SSx)<br><br>[Assigned to Hon. Otis D. Wright II, Courtroom 11]<br><br>**PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM ORDER OF DISMISSAL**<br><br>Date     :  December 28, 2009<br>Time     :  1:30 p.m.<br>Courtroom :  11 |

Plaintiff Carl John Noecker submits the following reply to Defendant's Opposition to Plaintiff's motion for relief from dismissal.

---

PLAINTIFF'S REPLY TO OPPOSITION TO
MOTION FOR RELIEF FROM ORDER
OF DISMISSAL [CV09-5922 ODW (SSx)]     -1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. PLAINTIFF TIMELY FILED THE AMENDED COMPLAINT

Defendant asserts that despite the indisputable fact that the First Amended Complaint was manually delivered to the Court and served on defendant on October 5, 2009, the day it was due, it was not "timely filed" because electronic transmission to the Court was delayed.

Since local rule requires manual filing, the act of delivery to and acceptance by the Clerk of the Court obviously satisfies the requirement of filing within the 20 days allowed.

*Federal Rule of Civil Procedure* Rule 5 governs the filing of documents, and establishes, among other things, that a complaint is deemed to have been filed when it is delivered to the clerk

> (d) (2) **How Filing Is Made - In General**. A paper is filed *by delivering it*:
> (A) *to the clerk*; or
> (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk.
> [*F.R.C.P.* Rule 5(d), emphasis added.]

Decisional law makes it clear that where there is manual delivery of the pleading to the Court, the Clerk has no authority to disregard it or treat it as not filed, even if there are technical defects. *Ives v. Guilford Mills, Inc.*, 3 F.Supp.2d 191 (N.D.N.Y. 1998) (Amended Complaint served on parties and filed with court should not be disregarded due to absence of certificate of service where actual

service is not contested); *Raymond v. Ameritech Corp.*, 442 F.3d 600 (7th Cir., 2006) (date that summary judgment response had been stamped ""filed"" was date attributable to filing deadline, without detail regarding district court's or judge's filing procedure or lag between when response was allegedly received by district court clerk and when it was processed); *Hernandez v. Aldridge*, 902 F.2d 386 (5th Cir. 1990) *cert. denied*, 498 U.S. 1086 (receipt of complaint by district court clerk's office constituted "filing" within 30 days of notice of EEOC's final decision, even though clerk did not actually file complaint within 30-day period); *McClellon v. Lone Star Gas Co.*, 66 F.3d 98 (5th Cir. 1995) (in absence of specific instructions from judicial officer, clerk of court lacks authority to refuse or to strike pleading presented for filing.)

      Filing under Rule 5 occurs with the delivery of the papers into the actual possession or custody of the clerk. *In re Toler*, 999 F.2d 140, 142 (6th Cir. 1993) ("filing of complaint . . . is accomplished when the complaint is delivered to the clerk of the appropriate court"); *Hernandez v. Aldridge, supra*, 902 F.2d 386, 388 (complaint is filed when placed in the custody of the clerk); *Central States, Southeast & Southwest Areas Pension Fund v. Paramount Liquor Co.*, 34 F.Supp.2d 1092, 1094 (N.D.Ill. 1999) (filing is complete upon delivery and receipt by clerk's office); *United States v. Johnson*, 992 F.Supp. 1257, 1263-64 (D.Kan. 1998)

      Under these authorities, it is simply untenable to assert that plaintiff failed to comply with the filing deadline, and even were the technical "default" of delayed electronic transmission meritorious, it would be of such slight significance that no dismissal could possibly be justified thereby. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695-696 (9th Cir. 2001), *Faile v. Upjohn Co.*, 988 F.2d 985 (9th Cir. 1993) (reversing denial of Rule 60(b) motion to vacate dismissal, where the district court erroneously failed to apply provision of Rule 5(b) that service is complete upon mailing.)

Equally meritless is the contention that relief should be denied because the clerk's notice indicated that leave to file the Amended Complaint should be sought by *ex parte* application. Once the Order of dismissal was entered, the issue was no longer filing of the Amended Complaint, but vacation of the dismissal, which could only be done by motion to vacate. An ex parte application to file the Amended Complaint after the action was dismissed would be meaningless.

Accordingly relief should be granted and the order of dismissal vacated.

Dated: December 21, 2009

Respectfully Submitted,

THE LAW OFFICES OF IAN HERZOG
A Professional Corporation

By: _____
Evan D. Marshall
Attorneys for Plaintiff Carl John Noecker

# PROOF OF SERVICE
## Noecker v. So. Calif Lumber Ind. Welfare Fund

STATE OF CALIFORNIA  )
                     ) ss.
COUNTY OF LOS ANGELES )

I am over the age of 18, employed in the County of **Los Angeles**, and not a party to this action. My business address is **233 Wilshire Boulevard, Suite No. 550, Santa Monica, California 90401**. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service. On **December 21, 2009**, I served a copy of the following document: **PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM ORDER OF DISMISSAL** on the party or parties named below by placing a true copy thereof enclosed in a sealed envelope, for collection and mailing with the U.S. Postal Service where it would be deposited for first class delivery, with postage fully prepaid in the U.S. Postal Service that same day in the ordinary course of business addressed as follows:

**Mr. Thomas Brady**
**DONALDSON & CORNWELL**
**1525 Faraday Avenue, Suite 150**
**Carlsbad, CA  92008**
**Tel: (760) 431-9079**
**Fax: (760) 431-9512**

If ** is placed before any name, it means the document was transmitted by FAX to the FAX number on the attached service list and a declaration of service by FAX will be filed with the Court.

If this is a Federal Court case: I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service is made.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on **December 21, 2009** at Santa Monica, California.

*/s/ [signature]*

---

PLAINTIFF'S REPLY TO OPPOSITION TO
MOTION FOR RELIEF FROM ORDER
OF DISMISSAL [CV09-5922 ODW (SSx)]    -5-