```
IAN HERZOG   [Cal. Bar No. 41396]
EVAN D. MARSHALL   [Cal. Bar No. 82444]
THE LAW OFFICES OF IAN HERZOG
A Professional Corporation
233 Wilshire Boulevard, Suite 550
Santa Monica, California  90401-1210
Telephone:  (310) 458-6660
Fax:  (310) 458-9065
```

Attorneys for CARL JOHN NOECKER

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL JOHN NOECKER,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHERN CALIFORNIA LUMBER INDUSTRY WELFARE FUND; BOARD OF TRUSTEES FOR THE SOUTHERN CALIFORNIA LUMBER INDUSTRY WELFARE FUND; and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No.  CV 09-5922 DMG (SSx)<br><br>[Assigned to Hon. Dolly Gee, Courtroom 7]<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR BENEFITS AND EQUITABLE RELIEF**<br><br>Date:        June 7, 2010<br>Time:       9:30 A.M.<br>Courtroom: 7 |

Plaintiff CARL JOHN NOECKER submits the following opposition to the motion of defendant SOUTHERN CALIFORNIA LUMBER INDUSTRY WELFARE FUND to dismiss the Second Amended Complaint for Benefits and Equitable Relief.

# TABLE OF CONTENTS

1. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2. SUMMARY OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3. THE "FIDUCIARY BREACH" ALLEGATIONS ARE IN ACCORDANCE WITH THE COURT'S PRIOR ORDER AND CONTROLLING CASE AUTHORITY . . . . . . . . . . . 3

4. THE REQUEST FOR EQUITABLE RELIEF IS IN ACCORDANCE WITH THE COURT'S PRIOR ORDER AND CONTROLLING CASE AUTHORITY . . . . . . . . . . . . . . . . . . 6

5. DEFENDANT'S CLAIM THAT FIDUCIARY BREACH AND EQUITABLE RELIEF CLAIM MAY BE ALLEGED ONLY IN A CLASS ACTION IS FRIVOLOUS . . . . . . . . . . . . . . . 8

6. THE REQUEST FOR DISMISSAL UNDER F.R.C.P. RULE 41 IS ENTIRELY INAPPROPRIATE . . . . . . . . . . . . . . . . 9

7. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Plaintiff's Memorandum of Points and Authorities in Opposition to Motion to Dismiss Second Amended Complaint for Benefits and Equitable Relief *[CV 09-5922 ODW (Ssx)]*

-i-

# TABLE OF AUTHORITIES

## Cases

Aetna Health Inc. v. Davila (2004)
    542 U.S. 200, 124 S.Ct. 2488 .................................. 7

Firestone Tire & Rubber Co. v. Bruch (1989)
    489 U.S. 101, 109 S.Ct. 948 ................................... 5

Hamilton Copper & Steel Corp. v. Primary Steel, Inc. (9th Cir. 1990)
    898 F.2d 1428 ................................................ 10

Henderson v. Duncan (9th Cir. 1986)
    779 F.2d 1421 ................................................ 10

Hernandez v. City of El Monte (9th Cir. 1998)
    38 F.3d 393 .................................................. 10

Malone v. United States Postal Serv. (9th Cir. 1987)
    833 F.2d 128 ................................................. 10

Massachusetts Mut. Life Ins. Co. v. Russell (1985)
    473 U.S. 134, 105 S.Ct. 3085 .................................. 5

Pagtalunan v. Galaza (9th Cir. 2002)
    291 F.3d 639 ................................................. 10

Varity Corp. v. Howe (1996)
    516 U.S. 489, 116 S.Ct. 1065 .............................. 4,5,6

## Statutes

29 U.S.C.
    §1132(a)(1)(B) ........................................ 4,5,6,7,8,9

    §1132(a)(2) ................................................ 1,4,10

    §1132(a)(3) ............................................... 4,5,6,8,9

## Rules

F.R.C.P.
    Rule 12(f) ................................................. 2,9,10

    Rule 23 ......................................................... 8

    Rule 41 .................................................. 2,9,10,11

1. **INTRODUCTION**

In ruling on the previous Motion to Dismiss, this Court specifically rejected defendants' claims that (1) equitable relief was superfluous or unavailable under the allegations of the Complaint, and (2) plaintiff, as an individual, could not allege that the denial of benefits constituted a violation of the defendant Fund's fiduciary duties to plaintiff under ERISA. The Court, in fact, found that plaintiff had stated circumstances in which injunctive relief may be appropriate, but indicated that the second cause of action was superfluous unless it was intended to assert a claim on behalf of the class of beneficiaries and, thus, if it was to proceed, required additional allegations in the nature of a class-action.

At the hearing on that motion, the Court indicated, and plaintiff's counsel agreed, that the circumstances supporting equitable relief which were alleged in the second count should properly be in a single count for benefits and equitable relief if no class-based relief was sought.

The Second Amended Complaint was drafted specifically with these rulings in mind. The second count was deleted as unnecessary since plaintiff elected not to proceed on the basis of class representation or class issues. Nowhere in the Second Amended Complaint is there any allegation pertaining to breach of duties towards, or relief on behalf of, other beneficiaries of the Fund. All references to a claim for breach of fiduciary duty under 29 U.S.C. §1132(a)(2) (which the Court held was not actionable by an individual) have been deleted.

In short, pursuant to the Court's order, the Second Amended Complaint states a claim (1) for benefits based on a denial of benefits which is in violation of the terms of the plan, unconscionable, a violation of public policy and a violation of fiduciary duty, and (2) for declaratory and injunctive relief to prevent future denial of benefits. There is nothing in this which is not in conformance with the law or prior Order.

Rather than simply moving under F.R.C.P. Rule 12(f) to strike what amounts to only few lines of allegedly improper (and, at best, immaterial) matter, defendant moves to dismiss the entire Complaint under F.R.C.P. Rule 41. Yet there is not even a colorable argument that the criteria for a Rule 41 dismissal are present. Indeed, the supposed "violations" of the prior order are so innocuous that leaving them in the Complaint would not conceivably alter the course of proceedings, the issues to be determined, or the ultimate relief granted herein.

In short, this motion serves no real purpose.

## 2. SUMMARY OF THE CASE

Plaintiff Carl John Noecker is a beneficiary entitled to health and medical expenses from the Southern California Lumber Industry Welfare Plan Managed Care Plan. On May 24, 2008, Plaintiff was a passenger on a helicopter which crashed at Two Harbors, Catalina, killing several on board and causing severe injuries to Plaintiff. As a result of such injuries, Plaintiff has incurred medical expenses in excess of $240,000 to date.

Plaintiff submitted a series of claims for medical benefits under the Southern California Lumber Industry Welfare Plan Managed Care Plan (the "Plan"), which Defendant Southern California Lumber Industry Welfare Fund (the "Fund") administers. The Fund denied the claim based upon an exclusion appearing as Section 14 at page M-10 of the Summary Plan Description, which provides as follows:

> **Exclusion.** No benefits are payable for services rendered or expenses incurred for
> . . . .
> 14. Injuries or illnesses caused through the act or omission of a third party, where you are pursuing or intend to pursue a claim or lawsuit against a third party.

Plaintiff contends herein that application of the above exclusion to deny Plaintiff's claims is unconscionable and against public policy; that the Defendants have misapplied the exclusion to deny benefits where there is no adjudication that the injury is in fact legally caused by a third party; that defendant has misapplied the exclusion where it does not clearly and unambiguously exclude coverage for plaintiff's claims; and that defendants have violated their fiduciary obligations to this beneficiary in so applying the exclusion.  In addition to recovery of medical expenses already incurred, Plaintiff seeks a declaration as to the invalidity and unenforceability of the Section 14 exclusion, and injunctive relief to bar the Fund from enforce the exclusion against plaintiff in the future.

### 3. THE "FIDUCIARY BREACH" ALLEGATIONS ARE IN ACCORDANCE WITH THE COURT'S PRIOR ORDER AND CONTROLLING CASE AUTHORITY

Not surprisingly, Defendant fails to specify any allegation of fiduciary breach which contravenes the Order of March 23, 2010.  There is none.

The only references to fiduciary duty or violation in the Second Amended Compliant concern duties specific to this Plaintiff and to the denial of benefits to him. None are "class-based" allegations, and there is no distinct cause of action for "breach of fiduciary duty."  The term "fiduciary" appears as follows:

> 12.  Defendants have thereby breached the plan by (a) misinterpreting and misapplying the exclusion to deny benefits where there has been no adjudication that the beneficiary's injury is in fact legally caused by any third party; (b) misinterpreting and misapplying the exclusion where it does not clearly and unambiguously exclude coverage for Plaintiff's claims; and (c) applying the exclusion in a manner that is unconscionable and contrary to public policy. ***Defendants have further violated their fiduciary obligations to Plaintiff in so applying the exclusion.***
> [2nd Amended Complaint, 4:26-5:1]

> 17. There is now an actual controversy between the parties concerning their respective rights and liabilities under the Plan, and the effect and enforceability of the preceding exclusion. Plaintiff contends that the above exclusion is ambiguous and that application of to deny Plaintiff's claims is unconscionable and against public policy; that the Defendants have misinterpreted and misapplied the exclusion to deny benefits where there has been no adjudication that the injury is in fact legally caused by a third party; . . . ; and that ***Defendants have violated their fiduciary obligations to this plan beneficiary in so applying the exclusion***. Defendants deny that application of the exclusion is improper, unconscionable or contrary to public policy, that they have misapplied the exclusion, ***and that they have breached their fiduciary duty to Plaintiff***.
>
> 20. Plaintiff is entitled to such further equitable or injunctive relief pursuant to 29 U.S.C. §1132(a)(3) as will preclude Defendants from further application of the above exclusion to deny the claims of Plaintiff where there has been no adjudication that the injury is in fact legally caused by a third party; . . . and ***to bar Defendants from further violating their fiduciary obligations to Plaintiff in so applying the exclusion***.

In its Order of March 23, 2010, the Court found that an individual claim for breach of fiduciary duty under 29 U.S.C. §1132(a)(1)(B) and (a)(3) had in fact been recognized in Varity Corp. v. Howe (1996) 516 U.S. 489, 116 S.Ct. 1065.

> Defendants are correct that subsection (a)(2) does not permit the type of claims Plaintiff brings in the First Amended Complaint. Subsections (a)(1)(B) and (a)(3), however, do permit such claims. See Varity, 516 U.S. at 512 ("ERISA specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims, one that is outside the framework of [29 U.S.C. §1132(a)(2)]. And one that runs directly to the injured beneficiary. Id. §1132](a)(1)(B).").
> [Order of March 23, 2010, 9:5-11]

This Court accordingly granted the motion as to fiduciary breach as regards §1132(a)(2) but *denied it* as to §1132(a)(1)(B) and (a)(3). [Order, 10:3-4] This ruling was in accord with the rejection by Varity Corp. of the claim that "Congress intended ERISA's fiduciary standards to protect only the financial integrity of the

plan, not individual beneficiaries. . ." and that it had "limited relief to remedies that would benefit only the plan itself."

> This argument fails, however, because, in our view, Congress did provide remedies for individual beneficiaries harmed by breaches of fiduciary duty, as we shall next discuss.
> [Varity, *supra*, 516 U.S. at 507]

As Varity concluded, "the words of subsection (3) – 'appropriate equitable relief' to 'redress' any 'act or practice which violates any provision of this title' – are broad enough to cover individual relief for breach of a fiduciary obligation." (*Id.* at 510)  Such a fiduciary breach may include a benefits determination based on interpretation of plan documents.

> After all, ERISA makes clear that a fiduciary has obligations other than, and in addition to, managing plan assets.  See §3(21)(A) (defining "fiduciary" as one who "exercises any discretionary authority . . . respecting management of such plan or . . . respecting management or disposition of its assets") (emphasis added).  For example, as the dissent concedes, *post*, at 1086, a plan administrator engages in a fiduciary act when making a discretionary determination about whether a claimant is entitled to benefits under the terms of the plan documents. . . .  And, as the Court pointed out in [Massachusetts Mut. Life Ins. Co. v. Russell (1985) 473 U.S. 134, 144, 105 S.Ct. 3085, 3091], *ERISA specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims, one that is outside the framework of the second subsection and cross-referenced §409, and one that runs directly to the injured beneficiary.* §502(a)(1)(B).
> [Varity, 516 U.S. at 511, emphasis added.]

Varity thus rejected the contention that a denial of benefits might not also constitute a breach of fiduciary duty. "After all, Firestone [Tire & Rubber Co. v. Bruch (1989) 489 U.S. 101, 109 S.Ct. 948], which authorized deferential court review when the plan itself gives the administrator discretionary authority, based its decision upon the same common-law trust doctrines that govern standards of fiduciary conduct." (Verity, *supra*, 501 U.S. at 515)

The single count in the Second Amended Complaint is founded only on 29 U.S.C. §1132(a)(1)(B) and 1132(a)(3) and alleges a fiduciary breach towards plaintiff by the denial of benefits. Whether it is denominated breach of the plan, violation of public policy, unconscionable conduct or breach of fiduciary duty is immaterial since it amounts under any rubric to the wrongful denial of benefits to this beneficiary, precisely as permitted by this Court's ruling. There is no attempt to re-allege the class-based fiduciary breach claim in the second count of the prior Complaint which the Court held required additional allegations, and no violation of the ruling that no individual relief is available under subsection (a)(2).

4. **THE REQUEST FOR EQUITABLE RELIEF IS IN ACCORDANCE WITH THE COURT'S PRIOR ORDER AND CONTROLLING CASE AUTHORITY**

Defendant's assertion that the request for equitable relief in the Second Amended Complaint is in violation of the March 23, 2010 Order is equally fatuous. The Court expressly rejected defendant's claim that equitable relief was duplicative of the claim for benefits or otherwise unavailable to plaintiff.

At pages 6 and 7, the Order rejected defendant' claim that plaintiff is not entitled to seek both equitable and legal remedies under ERISA in the same action. The Court observed that ERISA permits an individual plan participant or beneficiary to seek equitable relief, including injunctive or declaratory relief, as stated in Varity Corp., *supra*, 516 U.S. at 512. [Order of March 23, 2010, 5:15-5]
The Court found , however, that the equitable relief sought *in the second cause of action* was inadequately pled in so far as it was based on class-wide violations and class-based relief. [Order of March 23, 2010, 6:1-17]

The Order, however, then proceeds to find that "plaintiff may seek both equitable and legal remedies under ERISA" [Order, 6:18-20], noting that plaintiff

"does not seek an injunction for benefits past due, and as discussed *supra*, his request for both past benefits and future injunctive relief properly falls under the rubric of subsection (a)(1)(B) . . ." [Order, 7:4-6]

This ruling recognizes that Section 502(a)(1)(B) of ERISA allows a plan participant to bring an action to ***recover benefits*** due to him under the terms of the plan, to ***enforce his/her rights*** under the terms of the plan, ***or to clarify his/her rights to future benefits under the terms of the plan.*** 29 U.S.C. §1132(a)(1)(B). "This provision is relatively straightforward. If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits. A participant or beneficiary can also bring suit generically to 'enforce his rights' under the plan, or to clarify any of his rights to future benefits." Aetna Health Inc. v. Davila (2004) 542 U.S. 200, 210, 124 S.Ct. 2488.

The Order further rejected the claim that plaintiff had not adequately alleged a basis for equitable relief:

> Furthermore, Plaintiff's allegations state a plausible need for declaratory and injunctive relief. He alleges that he sustained severe injuries in a helicopter crash that required and continue to require extensive medical treatment. Thus, it is plausible that, as Plaintiff alleges, his injuries will continue to necessitate medical treatment.
> [Order of March 23, 2010, 8:21-24]

Pursuant to this ruling, the Second Amended Complaint states plaintiff's personal claim for equitable relief as part of a single cause of action. Plaintiff complied with the Order by *eliminating the second count* altogether, along with all class-based claims for relief, leaving a single count seeking only individual relief – including both benefits and the declaratory/injunctive relief which the Order had recognized as appropriate under the facts alleged.

This was also in accord with the discussion at oral argument in which plaintiff's counsel discussed transplanting the equitable allegations into the first

count for benefits and eliminating the class-based issues which were problematic under the former second count.

### 5. DEFENDANT'S CLAIM THAT FIDUCIARY BREACH AND EQUITABLE RELIEF CLAIM MAY BE ALLEGED ONLY IN A CLASS ACTION IS FRIVOLOUS

Defendant makes the absurd claim that the Court ruled that "unless Plaintiff included class allegations pursuant to Federal Rule of Civil Procedure 23 in his amended complaint, his equitable relief claim under 29 U.S.C. §1132(a)(3) and breach of fiduciary duty claims would be dismissed." (Motion to Dismiss, 3:8-4:3) Defendant also asserts disingenuously that "to the extent that ***Plaintiff construes*** the Court's order to provide for breach of fiduciary duty claims under section 502(a)(1)(B), this is simply misleading" because that portion of Verity is "only . . . *dicta.*" (Motion, pg. 3 fn. 3, emphasis added.)

The Court nowhere ruled that class allegations were required for equitable relief or to remedy a fiduciary breach. On the contrary, the portions of the Order cited above affirm that an individual is entitled to remedy a fiduciary breach which results in individual injury (*e.g.* denial of benefits) and to seek equitable relief, and that plaintiff alleged sufficient facts to support such claims. [Order, 7-9]

> Moreover, Plaintiff explains why he believes that Defendants' interpretation of Section 14 is unreasonable. As quoted by Plaintiff, Section 14 provides that Defendants may deny benefits for injuries caused by a third party where the injured beneficiary is pursuing or intends to pursue a claim or lawsuit against a third party. Plaintiff states that he wishes to enjoin Defendants from denying benefits to Plan beneficiaries in the future where there has been no adjudication that the injury is in fact legally caused by a third party. Thus, Plaintiff claims that it is unreasonable for Defendants to withhold benefits for injuries caused by a third party based solely on the possibility of a lawsuit against the third party.

>Furthermore, Plaintiff's allegations state a plausible need for declaratory and injunctive relief. He alleges that he sustained severe injuries in a helicopter crash that required and continue to require extensive medical treatment. Thus, it is plausible that, as Plaintiff alleges, his injuries will continue to necessitate medical treatment.
>[Order 8:12-24]

Plaintiff's counsel observed at the hearing that it would be appropriate, if class relief was not sought, to place the individual fiduciary and equitable issue in the first cause of action. Neither defendants nor Court disagreed.

The claim that **Plaintiff** misconstrues the Court's order "to provide for breach of fiduciary duty claims under section 502(a)(1)(B)" (Motion 3 fn. 3) is ludicrous. The Order quite explicitly finds that "Plaintiff's Breach of Fiduciary Duty Allegations State a Claim under Subsections (a)(1)(B) and (a)(3)" but not (a)(2) [Order 9:1-2], with a discussion of the authorities upholding individual claims for breach of fiduciary duty. [Order 9:3-10:4]

The claim that Plaintiff "misconstrues" the Order is a poorly concealed effort by the defense to reargue a point on which the Order is unambiguous and which defendant plainly lost on the prior motion.

6.   **THE REQUEST FOR DISMISSAL UNDER <u>F.R.C.P.</u> RULE 41 IS ENTIRELY INAPPROPRIATE**

As noted, this Court found that Plaintiff has stated a valid claim and that both legal and equitable relief are potentially available under the facts alleged. At best, even accepting *arguendo* defendant's claim that the Second Amended Complaint exceeds that permitted by the Order with respect to a few lines of the pleading, the appropriate measure was a motion to strike those portions under <u>F.R.C.P.</u> Rule 12(f), not a motion to dismiss the entire action under Rule 41.

In fact, by not bringing a Rule 12(f) motion, defendant tacitly concedes that

there is really nothing to strike.

The supposed "violation," even were it accepted, is so minimal that dismissal under Rule 41 could not possibly be justified where the variance in pleading could simply be corrected by deletion of a few non-essential words – or, more reasonably, ignored altogether since the right to relief is evident on the face of the Complaint and the ultimate relief is a matter for future determination by the Court on an appropriate factual showing.

This is simply not a Rule 41 situation. See Pagtalunan v. Galaza (9th Cir. 2002) 291 F.3d 639, 642, stating: "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/ respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."

None of these factors supports dismissal. Nothing in the pleading interferes with the court's management of its docket, impairs defendant's ability to proceed to trial or threatens to interfere with the rightful decision of the case (Malone v. United States Postal Serv. (9th Cir. 1987) 833 F.2d 128, 131); the proper remedy is the far less drastic one under Rule 12(f); and public policy favors disposition of cases on the merits. Hernandez v. City of El Monte (9th Cir. 1998) 138 F.3d 393, 399. Rule 41 Dismissal is deemed a harsh penalty which should only be imposed in severe circumstances. Hamilton Copper & Steel Corp. v. Primary Steel, Inc. (9th Cir. 1990) 898 F.2d 1428, 1429; Henderson v. Duncan (9th Cir. 1986) 779 F.2d 1421, 1423.

More to the point, the prior motion to dismiss addressed only the second and now deleted count of the First Amended Complaint, and in so far as that motion was sustained did so only on the ground that (a) individual relief under (a)(2) is not available and (b) the second count sought class-based relief. In all other respects,

the Order plainly *supports* plaintiff's right to seek equitable relief and to allege a fiduciary breach underlying the denial of benefits to him personally. Thus there is no *prima facie* showing of the predicate for a Rule 41 motion – violation of a court order.

### 7.   CONCLUSION

This motion should never have been filed. Nothing in the Second Amended Complaint contravenes the Court's March 23 Order, which in fact recognized that the allegations herein will support a finding of breach of fiduciary duty as well as a grant of equitable relief to plaintiff based on his individual claim. The Order quite clearly rejects the Fund's present claim that either a fiduciary breach or equitable relief require a class-based action. Indeed, this motion is tacitly an attack on the reasoning and rulings in the March 23 Order, and thus itself constitutes a violation of Rule 41.

The motion should accordingly be denied.

Respectfully Submitted,

Dated: May 14, 2010

THE LAW OFFICES OF IAN HERZOG
A Professional Corporation

By: _____
Evan D. Marshall
Attorneys for Plaintiff Carl John Noecker

# PROOF OF SERVICE
<u>Noecker v. So. Calif Lumber Ind. Welfare Fund</u>

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

     I am over the age of 18, employed in the County of **Los Angeles**, and not a party to this action.  My business address is **233 Wilshire Boulevard, Suite No. 550, Santa Monica, California 90401**.  I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service.  On **May 14, 2010**, I served a copy of the following documents:

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR BENEFITS AND EQUITABLE**

on the party or parties named below, by placing a true copy thereof enclosed in a sealed envelope, for collection and mailing with the U.S. Postal Service where it would be deposited for first class delivery, with postage fully prepaid in the U.S. Postal Service that same day in the ordinary course of business addressed as follows:

**Mr. Thomas Brady**
**DONALDSON & CORNWELL**
**1525 Faraday Avenue, Suite 150**
**Carlsbad, CA  92008**
**Tel: (760) 431-9079**
**Fax: (760) 431-9512**

     If an * is placed before any name, it means personal delivery, and a declaration of personal service will be filed with the Court.

     If ** is placed before any name, it means the document was transmitted by FAX to the FAX number on the attached service list and a declaration of service by FAX will be filed with the Court.

     If this is a Federal Court case:  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service is made.

     I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed on **May 14, 2010** at Santa Monica, California.

*/s/ Linda Barber*

---

Plaintiff's Memorandum of Points and Authorities in Opposition to Motion to Dismiss Second Amended Complaint for Benefits and Equitable Relief *[CV 09-5922 ODW (Ssx)]*